

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-19-00225-CR

DANNY THOMPSON,

                                               **Appellant**

 v.

THE STATE OF TEXAS,

                                               **Appellee**

_____

### From the 440th District Court
### Coryell County, Texas
### Trial Court No. 18-24587

_____

## MEMORANDUM OPINION

_____

Appellant, Danny Ray Thompson, was charged by information with violation of a protective order, enhanced with the allegation that appellant had committed offenses under section 25.07 of the Penal Code two or more times within a twelve-month period. *See* TEX. PENAL CODE ANN. §§ 25.07, 25.072(a) ("A person commits an offense if, during a period that is 12 months or less in duration, the person two or more times engages in conduct that constitutes an offense under Section 25.07.").  Pursuant to a plea agreement

with the State, appellant pleaded guilty to the charged offense. On April 23, 2018, the trial court deferred an adjudication of guilt and placed appellant on community supervision for two years with a $500 fine.

On July 26, 2018, the State moved to adjudicate appellant's guilt and revoke his community supervision, alleging three violations of the terms and conditions of his community supervision. Appellant pleaded "true" to the allegations contained in the State's motion to revoke. On August 29, 2018, the trial court found appellant guilty, sentenced him to two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice, and suspended the sentence for three years, with ninety days' time served in the Coryell County Jail as a condition of the community supervision.

Thereafter, on April 17, 2019, the State filed a second motion to revoke appellant's community supervision, alleging that appellant violated five terms and conditions of his community supervision. Appellant pleaded "true" to some of the allegations and "not true" to others. On June 24, 2019, the trial court conducted a hearing on the State's second motion to revoke and found four of the allegations contained in the State's second motion to be true and assessed punishment at two years' incarceration in the Institutional Division of the Texas Department of Criminal Justice. The trial court certified appellant's right of appeal, and this appeal followed.

# I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no error upon which an appeal can be predicated. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has discussed why, under controlling authority, there are no reversible errors in the trial court's judgment. Counsel has informed this Court that he has: (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) provided appellant with a *Motion for Pro Se Access to the Appellate Record* lacking only

appellant's signature and the date and informed him of his right to file a pro se response.[1]

*See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate period of time has passed, and appellant has not filed a pro se response.[2] *See In re Schulman*, 252 S.W.3d at 409.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988). We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of

---

[1] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'" *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

[2] In a certification filed with this Court, appointed appellate counsel indicated that he has,

2.  informed appellant of his right to file a pro se response due to the 10th Court of Appeals in 30 days . . . identifying what he believes to be meritorious grounds to be raised in his appeal, should he so desire;

3.  advised appellant of his right to review the appellate record, should he wish to do so, preparatory to filing that response;

4.  explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court to be filed within 10 days . . . .

(Emphasis in original). Appellant has not filed a pro se response in this matter.

Given the above, we have fair assurance that appellate counsel has complied with the Court of Criminal Appeals's decision in *Kelly v. State*. *See* 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).

*Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

### III.   MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel in this case.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3]  *See* TEX. R. APP. P. 48.4;

---

[3] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals.  *See id.* at R. 68.3.  Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

*see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex.

Crim. App. 2006).


JOHN E. NEILL
Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Neill
Affirmed
Opinion delivered and filed October 9, 2019
Do not publish
[CR25]

